119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shaun Lee LAURENCE, Defendant-Appellant.
 No. 96-30284.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted July 10, 1997.
Filed July 16, 1997.
 
 Appeal from the United States District Court for the District of Oregon, D.C. No. CR 95-139-1-HJF; Helen J. Frye, District Judge, Presiding.
 Before FERGUSON, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Shaun Lee Laurence pled guilty to one count of conspiring to distribute, and possessing with the intent to distribute, cocaine (powder cocaine) and cocaine base (crack cocaine). We reject his challenges to his sentence, and we affirm.
 
 I. Sentencing Entrapment
 
 3
 The district court found orally and in writing that Laurence "was not entrapped into committing an offense subject to greater punishment than he was predisposed to commit." ER 7, 16-17. This express finding of predisposition was not clearly erroneous: Laurence himself admitted that he distributed drugs to close friends and family and that he sold crack, albeit not normally in large quantities. PSR 6. "If the defendant is found to be predisposed to commit a crime, an entrapment defense is unavailable regardless of the inducement." United States v. McLelland, 72 F.3d 717, 722 (9th Cir.1995) (internal citations omitted), cert. denied, 116 S.Ct. 1448 (1996). Accordingly, the district court's finding of predisposition precludes Laurence's sentencing entrapment argument. Moreover, because the district court made an express finding of predisposition, and because the record does not suggest that it erred, this case is unlike United States v. Naranjo, 52 F.3d 245 (9th Cir.1995), and no remand for further findings is necessary.
 
 
 4
 To the extent that Laurence argues that he is entitled to a discretionary downward departure for imperfect entrapment, the district court's expressly discretionary refusal to grant such a departure is not reviewable on appeal. United States v. Eyler, 67 F.3d 1386, 1390 n. 5 (9th Cir.1995). Moreover, discretionary downward departure for imperfect entrapment is unavailable where, as here, the defendant has pled guilty. United States v. Garza-Juarez, 992 F.2d 896, 912-13 & 912 n. 1 (9th Cir.1993).
 
 
 5
 II. Outrageous Government Conduct/Sentencing Manipulation
 
 
 6
 However mixed Inspector Carr's motives may have been in seeking a crack transaction, the government did very little to make Laurence actually sell the crack: all it did was to relay a request, through an informant, to purchase crack. Given that the informant never even spoke to Laurence directly, the government had little opportunity to pressure Laurence. Accordingly, Laurence has not met his "heavy burden" of demonstrating that the government's conduct was "so grossly shocking and so outrageous as to violate the universal sense of justice." McLelland, 72 F.3d at 721 (quoting United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991)).
 
 III. Relevant Conduct
 
 7
 Even assuming that Laurence can be sentenced only for jointly undertaken criminal activity with Valerie and Cathreen, Laurence's plea agreement provided that the period of relevant conduct would include "the time period charged for the conspiracy under count 1"--namely, a conspiracy "continuing through March of 1995." Laurence does not dispute that the crack was seized from his vehicles in early March. Application of the commentary to Sentencing Guideline § 1b1.3 also suggests that the crack seized from the vehicles was relevant conduct: possession of crack cocaine in a quantity suitable for distribution was similar to, and repetitious of, transaction six, if not also transactions one through five. Thus, notwithstanding the passage of seven weeks between the last transaction and the discovery of the crack cocaine, the district court did not err in concluding that the crack cocaine in the vehicles was relevant conduct. Moreover, we note that the amount of crack involved in the sixth transaction was alone sufficient to require imposition of the five-year statutory minimum sentence Laurence received.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3